UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MICHAEL COOPER JR                    CIVIL ACTION NO. 24-cv-264

VERSUS                               JUDGE TERRY A. DOUGHTY

STATE FARM MUTUAL AUTOMOBILE         MAGISTRATE JUDGE HORNSBY
INSURANCE CO

### REPORT AND RECOMMENDATION

**Introduction**

Michael Cooper, Jr. ("Plaintiff") was injured in a car accident. He settled his claims against the other driver and his liability insurer. He then turned to his own uninsured/underinsured ("UM") policy, issued by State Farm, to seek the $25,000 available under that policy. Plaintiff and State Farm were unable to settle the claim, and plaintiff filed suit against State Farm in state court.

State Farm removed the case based on an assertion of diversity jurisdiction. "[B]efore proceeding with a case, federal trial and appellate courts have the duty to examine the basis for their subject matter jurisdiction, doing so on their own motion if necessary." Torres v. S. Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). The undersigned sua sponte notes that the amount in controversy element of diversity jurisdiction is not satisfied. For the reasons that follow, it is recommended that this civil action be remanded to state court for lack of subject matter jurisdiction.

**Removing Party's Burden**

Plaintiff's petition, consistent with Louisiana law, sought an award of reasonable damages and did not pray for any particular amount. A notice of removal may assert the amount in controversy if the plaintiff's initial pleading seeks a money judgment but state practice does not permit demand for a specific sum. 28 U.S.C. § 1446(c)(2)(A)(ii). Removal of such an action is proper on the basis of an amount in controversy asserted in the notice of removal "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000 exclusive of interest and costs. 28 U.S.C. §§ 1446(c)(2)(B) and 1332(a). The burden is on the removing party to show that removal is proper, and any doubts should be resolved against federal jurisdiction. Vantage Drilling Co. v. Hsin-Chi Su, 741 F.3rd 535, 537 (5th Cir. 2014).

State Farm asserted in its notice of removal that the amount in controversy exceeds $75,000. State Farm may satisfy its burden on that issue by: (1) demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) setting forth the facts in controversy—in the notice of removal or an affidavit—that support a finding of the requisite amount. Luckett v. Delta Airlines, 171 F.3d 295, 298. Accordingly, the court will review the state court petition and the relevant facts included in the notice of removal and its exhibits.

**Relevant Allegations and Facts**

Plaintiff alleged in his state court petition that he was on Highway 71 in his Dodge Ram 2500 when a Mr. Garren rear-ended the Dodge and seriously injured Plaintiff. Mr. Garren admitted to the investigating officer that he ran into the back of Plaintiff's truck

while Plaintiff was stopped at a red light. Mr. Garren had liability coverage with State Farm, and the insurer tendered the policy limits to Plaintiff. Correspondence indicates that the limits of the liability policy was $25,000.

Plaintiff then turned to his own UM policy, also issued by State Farm, that has a policy limit of $25,000 per person/per occurrence. He demanded that the insurer tender the entire amount. Plaintiff submitted evidence of medical bills totaling over $14,400, records indicating lumbar disc injuries, and quantum studies that suggested minimum damage awards far in excess of the policy limits. Plaintiff's counsel argued that State Farm would be acting in bad faith if it did not tender the $25,000 policy limits. State Farm declined to make payment.

Plaintiff filed suit in state court with State Farm as the only defendant. The petition notes the $25,000 coverage available for the UM claim at issue, alleges that Plaintiff's actual uncompensated damages are in excess of that amount, and prays for an award of the $25,000 plus statutory penalties and attorney's fees available under La. R.S. 22:1892 and R.S. 22:1973.

State Farm filed a notice of removal based on an assertion of diversity jurisdiction. It alleged that Plaintiff is a citizen of Louisiana and that State Farm is a citizen of Illinois. With respect to the amount in controversy, State Farm points to Plaintiff's demand for $25,000 plus penalties and fees. It urges that a possible 50% penalty could be awarded, bringing the potential recovery to $37,500. It notes that a typical contingent attorney's fee of one-third could result in the potential total award of $50,000 "before consideration of any pain and suffering awards." Doc. 1, ¶ 8.

**Analysis**

    **A. Effect of Policy Limit**

The $25,000 limit of the UM policy is important because when a plaintiff seeks to recover under an insurance policy, the policy limits cap the potential amount in controversy (subject to additional amounts for statutory penalties or attorney fees). Hartford Ins. Group v. Lou-Con, Inc., 293 F.3d 908, 911 (5th Cir. 2002), citing Payne v. State Farm, 266 F.2d 63, 65 (5th Cir. 1959). In a UM case, the court considers only the amount of coverage available under the UM policy and not any amounts that might have been paid by the principal liability insurer. Wheeler v. Farmers Ins. Exchange, 2013 WL 4432097 *2-3 (W.D. La. 2013) (Hornsby, M.J.), aff'd, 2014 WL 280356 (W.D. La. 2014) (Foote, J.); Thomas v. Hartford Accident & Indemnity Co., 2018 WL 1548897, *2 (W.D. La. 2018) (Hornsby, M.J.), adopted, 2018 WL 1541991 (W.D. La. 2018) (Doughty, J.). Thus, the basic amount in controversy is $25,000.

    **B. Statutory Penalty**

Statutory penalties may also be considered in assessing the amount in controversy. St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998); Wright Family Investments, LLC v. Jordan Carriers, Inc., 2012 WL 2457664, *4 (W.D. La. 2012). Plaintiff's petition invokes La. R.S. 22:1892 and R.S. 22:1973as potential grounds for a penalty.

Section 1892 imposes a duty on an insurer to pay a claim within 30 days after receipt of receipt of satisfactory proof of loss from the insured. If the failure to pay is arbitrary, capricious, or without probable cause, it subjects the insurer to "a penalty, in addition to

the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, … or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due …" Thus, the statute could allow a penalty of a maximum of $12,500, bringing the maximum amount in controversy to $37,500.

Plaintiff's petition also invokes Section 1973, but the insured cannot recover under both penalty statutes. He gets only the more favorable penalty. Calogero v. Safeway Ins. Co. of Louisiana, 753 So.2d 170 (La. 2000); McKenzie and Johnson, 15 La. Civ. L. Treatise, Insurance Law & Practice § 11:14 (4th Ed.). Section 1973 states that it is a breach of an insurer's duty if it fails "to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause." The statute then states: "In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater."

The available penalties under a statute of this kind are based solely on the consequential damages sustained as a result of a breach of duties under the statute; the penalties are not calculated by doubling the amounts due under the insurance policy. Durio v. Horace Mann Ins. Co., 74 So.3d 1159, 1168 (La. 2011) (interpreting Section 1220 before it was renumbered Section 1973). Neither the facts set forth in the petition nor those provided by Defendant suggest a factual basis for determining a penalty greater than the

$5,000 minimum under the statute, so that is the highest value the court can attribute to the claim for penalties when assessing the amount on controversy. Wheeler, 2013 WL 4432097 at *3-4, citing Washington v. Liberty Mutual Fire Ins. Co., 2012 WL 3096046, *3 (W.D. La. 2012) (reaching same conclusion in a case with penalty claim under Section 1973); and Gelvin v. State Farm Mut. Auto Ins. Co., 2012 WL 1354855 (E.D. La. 2012) (same).

Plaintiff could potentially recover a penalty of $12,500 under Section 1892, which is more favorable than the alternative $5,000 penalty available under Section 1973. That leaves the maximum total amount in controversy at $37,500. The court must next assess the effect of attorney's fees.

**C. Attorney's Fees**

Section 1892 also allows for an award of "reasonable attorney fees and costs," and a statutory attorney fee counts in assessing the amount in controversy. St. Paul Reinsurance Co., Ltd., 134 F.3d at 1253. Only a reasonable estimate of a fee award may be considered. Wright Family Investments, LLC v. Jordan Carriers, Inc., 2012 WL 2457664, *4 (W.D. La. 2012). State Farm suggests a potential one-third contingent fee, which would be $12,500. That would bring the total amount in controversy to only $50,000.

The court would have to award a 100% fee—three times what State Farm suggests—on the $37,500 recovery to bring the total award to $75,000, and the amount in controversy must exceed that amount to give rise to diversity jurisdiction. A fee award of more than 100% might be possible, but it is very unlikely considering the relative lack of

complexity of the case and the likely lack of serious contest over liability. The mere possibility of such a huge award is not enough.

The burden is on State Farm to establish that it is more likely than not that the total amount in controversy exceeds $75,000, and any doubt about the propriety of removal must be resolved in favor of remand. Gasch v. Hartford Acc. & Indem. Co., 491 F.3rd 278 (5th Cir. 2007). There is ample doubt that Plaintiff, even if successful in gaining a verdict for the full $25,000 policy limits and a 50% penalty of $12,500 could then garner a fee award of greater than 100% of those combined amounts. That doubt means that State Farm has not satisfied its burden even after penalties and fees are considered.

State Farm's notice of removal takes into consideration the penalty and a potential one-third fee award to get its calculation to approximately $50,000 and states that this amount is "before consideration of any pain and suffering awards." But State Farm does not explain how Plaintiff could possibly recover any pain and suffering award greater than the $25,000 policy limits.

**Conclusion**

A showing that there is a "possibility" that the plaintiff could recover more than the jurisdictional amount is insufficient to carry the removing defendant's burden. Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995). Rather, the removing defendant must establish by a preponderance of the evidence, meaning it is more likely than not, that the jurisdictional amount is satisfied. Id.; 28 U.S.C. § 1446(c)(2)(B). State Farm has not met that burden, so the court lacks subject matter jurisdiction. "If at any time before final

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447.

Accordingly,

It is recommended that this civil action be remanded to the First Judicial District Court, Caddo Parish, Louisiana for lack of subject matter jurisdiction.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 7th day of March, 2024.

Mark L. Hornsby
U.S. Magistrate Judge